**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Find Staff LLC, | No. CV-25-01429-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Palm Beach Tours & Transportation LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for an Award of Their Reasonable Attorneys' Fees (Doc. 17) seeking $64,696.11 in fees and costs. Plaintiff responded in opposition, (Doc. 20), and Defendants replied, (Doc. 21). For the reasons that follow, the Court will award Defendants their requested attorney's fees and costs.

## I.    BACKGROUND

The Court has already fully outlined the background and procedural history of this case in a prior Order and will not do so again here. (*See* Doc. 16 at 1–3.)

## II.    LEGAL STANDARD

A party seeking an award of attorney's fees must show it is (1) eligible for and (2) entitled to an award, as well as that the requested amount is (3) reasonable. LRCiv 54.2(c). Eligibility and entitlement to an award is dependent on "the applicable statutory or contractual authority upon which the movant seeks an award." LRCiv 54.2(c)(1). Diversity jurisdiction is this Court's sole basis for jurisdiction, so it must "appl[y] state law in deciding whether to allow attorney's fees when those fees are connected to the substance

of the case." *In re Larry's Apartment*, 249 F.3d 832, 838 (9th Cir. 2001) (quoting *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992)).

Defendants specifically seek fees under A.R.S. § 12-341.01(A), which provides that in "any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Any award under § 12-341.01(A) "should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense." *Id.* § 12-341.01(B). Courts have broad discretion when determining whether to award fees under § 12-341.01(A). *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985).

## III. ANALYSIS

Defendants seek $64,280.50 in attorney's fees incurred in successfully defending against Plaintiff's claims. (Doc. 17.) Plaintiffs argue Defendants are not eligible nor entitled to a fee award, and alternatively that the requested award is not reasonable. (Doc. 20.)

### A. Eligibility

Defendants, as the successful parties in this litigation, are eligible for an award of reasonable attorney's fees under A.R.S. § 12-341.01(A).[1] Plaintiff's six claims are all "arising out of a contract" or interwoven with the contract claims for purposes of § 12-341.01(A). Counts One and Two for breach of contract and breach of implied covenant clearly arise out of contract. Count Three for unjust enrichment arises out of contract because the claim would not have existed but for the contract between the parties. *See, e.g.*, *Schwab Sales, Inc. v. GN Constr. Co., Inc.*, 992 P.2d 1128, 1132 (Ariz. Ct. App. 1998). And Counts Four through Six for tortious interference with contractual relations, tortious interference with business expectancy, and civil conspiracy are all "inextricably interwoven" with the contract claims.[2] *See, e.g.*, *Modular Mining Sys., Inc. v. Jigsaw*

---

[1] Much of Plaintiff's argument on this issue discusses factors relevant to whether Defendants are *entitled* to a fee award, not whether they are *eligible*. (*See* Doc. 20 at 4:21–6:6.)

[2] Plaintiff's failure to respond to the argument that the non-contract claims are interwoven with the contract claims constitutes waiver of the issue. *See, e.g.*, *Hurry v. Fin. Indus. Regul. Auth., Inc.*, 782 F. App'x 600, 602 (9th Cir. 2019); *Doe v. Dickenson*, No. CV-07-

*Techs., Inc.*, 212 P.3d 853, 860 (Ariz. Ct. App. 2009).

Additionally, Plaintiff argues Defendants are ineligible for a fee award because "the dismissal in this case was without prejudice and rested solely on personal jurisdiction grounds." (Doc. 20 at 5.) Not so. Under A.R.S. § 12-341.01(A), "a defendant who files a successful motion to dismiss for lack of personal jurisdiction" is eligible for a fee award. *Balestrieri v. Balestrieri*, 300 P.3d 560, 563 (Ariz. Ct. App. 2013); *see Erskine v. Fenn*, No. CV-20-08123-PCT-JJT, 2021 WL 9597924, at *1 (D. Ariz. Dec. 1, 2021) ("For a defendant there can be no greater success than full dismissal. To the extent Plaintiff argues that because the Court dismissed on jurisdictional grounds rather than on the merits of the contract question, Defendant was not the 'successful party,' the Court rejects that argument soundly. Defendant won. The case is over."); *Med. Protective Co. v. Pang*, 740 F.3d 1279, 1283 (9th Cir. 2013) ("Arizona appellate courts have repeatedly held that an adjudication on the merits is not a prerequisite to recovering attorney's fees under Section 12–341.01." (citation modified)).

Lastly, Defendants alternatively argue they are eligible for a fee award under the fee-shifting provision in the contract between the parties. However, the language of this provision only applies to arbitration and related proceedings:

> The cost of the arbitration proceeding and any proceeding in court to confirm or to vacate any arbitration award, as applicable (including, without limitation, reasonable attorneys' fees and costs), shall be borne by the unsuccessful party, as determined by the arbitrators, and shall be awarded as part of the arbitrator's award.

(Doc. 12-2 at 10, § 14.) These proceedings were not "to confirm or to vacate any arbitration award," so this fee-shifting provision does not provide independent grounds to award Defendants attorney's fees. Thus, the Court must determine whether Defendants are entitled to fees under A.R.S. § 12-341.01(A).

### B. Entitlement

"Mere eligibility [under § 12–341.01(A)] does not establish entitlement to fees." *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1049 (Ariz. 1985). Rather, courts

---

1998-PHX-GMS, 2008 WL 4933964, at *5 (D. Ariz. Nov. 14, 2008).

- 3 -

must exercise their discretion to award fees under § 12-341.01(A) by considering the following factors:

> (1) whether the unsuccessful party had a meritorious claim;
>
> (2) whether the legal question presented was novel and whether such claim or defense had previously been adjudicated in this jurisdiction;
>
> (3) whether litigation could have been avoided such that the successful party's efforts were superfluous;
>
> (4) whether fees against the unsuccessful party would result in extreme hardship;
>
> (5) whether the successful party prevailed in all respects; and
>
> (6) whether an award would discourage parties with tenable claims from litigating legitimate contract issues out of fear of incurring attorney's fees.

*Associated Indem.*, 694 P.2d at 1184. Courts should weigh all the factors, and no single factor is determinative. *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987). The Court will address each factor in turn.

### 1. Merits & Novelty of Plaintiff's Claims

The merits of Plaintiff's claims and their novelty are related, so the Court addresses these factors together. Plaintiff suggests that a fee award would be "particularly inappropriate" because "the merits of Plaintiffs' [sic] claims remain untested" as "the dismissal in this case was without prejudice on and rested solely on personal jurisdiction grounds." (Doc. 20 at 5.) But Plaintiff cites no authority requiring a court to only consider the substantive elements of a claim, rather than whether a claim was meritless on the whole.

Here, the only reason the Court did not reach the substantive merits of Plaintiff's claims is because Plaintiff's argument that the Court had personal jurisdiction over Defendants was meritless. *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) (noting that a "contract with an out-of-state party *alone* can[not] automatically establish sufficient minimum contacts in the other party's home forum"). As the Court noted when dismissing Plaintiff's claims, "[t]he caselaw is clear this tenuous connection bridged only by Plaintiff's status as an Arizona company is insufficient to establish

personal jurisdiction." (Doc. 16 at 7.) Plaintiff even cited abrogated case law in support of its position that the Court had personal jurisdiction over Plaintiff's tort claims. (*See* Doc. 14 at 8) (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002), *abrogated by Walden v. Fiore*, 571 U.S. 277 (2014)).

Moreover, there were no novel issues that might justify a good faith argument as to personal jurisdiction. *Cf. Lazar v. Charles Schwab & Co. Inc.*, No. CV-14-01511-PHX-DLR, 2015 WL 12602432, at *4 (D. Ariz. June 19, 2015) (denying fees under § 12–341.01(A) where the unsuccessful party's "theory of personal jurisdiction was not frivolous" as it presented an issue of first impression "worthy of exploration"). Indeed, Plaintiff's arguments were so meritless as to warrant an eleventh-hour attempt to manufacture evidence in search of a jurisdictional basis. (*See* Doc. 16 at 6 n.2.) In these circumstances, the Court cannot accept Plaintiff's suggestion that a fee award would be inappropriate because Plaintiff "acted in good faith at all stages of this litigation." (Doc. 20 at 5.) These factors thus favor Defendants' entitlement to a fee award.

### 2. Avoidance of Litigation

Much of this litigation could have been avoided after its earliest stages. "Defendants' counsel conferred with Find Staff's counsel in good faith and requested that Find Staff voluntarily dismiss the lawsuit given the apparent personal jurisdiction deficiencies." (Doc. 17 at 7.) In response, Plaintiff contends that "Defendants did not respond to any attempts by Plaintiff to resolve this case prior to filing a lawsuit and when they finally sought counsel, they didn't provide Plaintiffs with options for arbitrators, attempt to negotiate or do anything except make threats and demands to Plaintiff." (Doc. 20 at 5.)

However, in reply, Defendants correctly note that Plaintiff "proffers no evidence whatsoever showing that it took any steps to attempt to 'resolve this case prior to filing a lawsuit.'" (Doc. 21 at 5.) Rather, Defendants have submitted a sworn declaration attesting that Plaintiff "never requested to schedule a meeting to attempt to resolve the dispute" and "never sent a letter or demand requesting to arbitrate." (*Id.*) Defendants attest that the only

correspondence received from Plaintiff prior to being served with the Complaint was a cease-and-desist letter that "did not request to arbitrate, did not state a monetary demand, and did not request to meet and negotiate a resolution within 60 days (as required by the arbitration provision)." (*Id.*) Given the factual record before the Court, it appears Defendants made reasonable efforts to resolve this dispute without litigation and advise Plaintiff of the jurisdictional defects in its case. This factor thus favors Defendants' entitlement to fees.

### 3. Extreme Hardship

Plaintiff does not argue it would suffer extreme hardship if Defendants are granted a fee award, so this factor is neutral.

### 4. Prevailing in All Respects

Defendants undoubtedly prevailed in all respects as the Court dismissed all of Plaintiff's claims for lack of personal jurisdiction. This factor thus weighs in favor of Defendants' entitlement to fees.

### 5. Discouragement of Legitimate Claims

Plaintiff argues "awarding fees under these circumstances would send a chilling message to future litigants, potentially deterring parties from pursuing reasonable claims or defenses for fear of incurring substantial attorneys' fees, even when acting in good faith." (Doc. 20 at 5–6.) However, Defendants note that Plaintiff "can still pursue its claims" in an appropriate forum, so "a fee award would not chill parties from seeking relief for the types of claims asserted by Find Staff in this litigation." (Doc. 17 at 7–8.) Given the clear jurisdictional defects for Plaintiff's claims, the Court finds a fee award would not deter parties from bringing similar claims in an appropriate forum. Moreover, awarding fees in these circumstances "may serve to deter such plaintiffs from filing similarly frivolous lawsuits." *Dickson v. Travelers Cas. Ins. Co. of Am.*, No. CV-23-01906-PHX-DJH, 2025 WL 460819, at *4 (D. Ariz. Feb. 11, 2025) (citing *Ajman Stud v. Cains*, No. CV-15-01045-PHX-DJH, 2020 WL 5034219, at *5 (D. Ariz. July 21, 2020)); *see also All-Way Leasing, Inc. v. Kelly*, 895 P.2d 125, 131 (Ariz. Ct. App. 1994) ("[O]ne purpose of

section 12-341.01(A) is to encourage litigants in contract actions to consider [the risk of paying its opponents' attorney's fees] before filing suit.").

Overall, based on its consideration of the above factors, the Court finds Defendants are entitled to the requested attorney's fees under § 12–341.01(A).

**C. Reasonableness**

The Court now turns to the reasonableness of the requested fees. Defendant has complied with LRCiv 54.2(d) by providing briefing and supporting documentation to allow the Court to evaluate the reasonableness of the fee award.

An award of attorney's fees under § 12-341.01(A) "should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B). The "beginning point" in determining a reasonable fee for commercial litigation is "the actual billing rate which the lawyer charged in the particular matter." *Schweiger v. China Doll Restaurant, Inc.*, 673 P.2d 927, 931 (Ariz. Ct. App. 1983) ("Unlike public-rights litigation, and contingent-fee litigation, for example, . . . there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case.").

"Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007) (citing *State ex rel. Corbin v. Tocco*, 845 P.2d 513, 520 (Ariz. Ct. App. 1992)). The party opposing the fee award "must provide specific references to the record and specify which amount of items are excessive." *In re Indenture of Tr. Dated Jan. 13, 1964*, 326 P.3d 307, 319–20 (Ariz. Ct. App. 2014); *see also Tocco*, 845 P.2d at 520 ("[A]n opposing party does not meet his burden merely by asserting broad challenges to the application. It is not

enough . . . simply to state, for example, that the hours claimed are excessive and the rates submitted too high." (quoting *Arizona v. Maricopa Cnty. Med. Soc'y*, 578 F. Supp. 1262, 1264 (D. Ariz. 1984))). A fee award may also be reduced for hours not "reasonably expended." *China Doll*, 673 P.2d at 932.

Under the Arizona Supreme Court's Rules of Professional Conduct and Local Rules, the following factors are to be considered in determining the reasonableness of a request for attorney's fees:

(1) the time and labor required;

(2) the novelty and difficulty of the questions involved;

(3) the skill requisite to perform the legal service properly;

(4) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(5) the fee customarily charged in the locality for similar legal services;

(6) the amount involved and the results obtained;

(7) the time limitations imposed by the client or by the circumstances;

(8) the nature and length of the professional relationship with the client;

(9) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(10) the degree of risk assumed by the lawyer;

(11) whether the fee contracted between the attorney and the client is fixed or contingent, the "undesirability" of the case, and awards in similar actions.

A.R.S. Sup. Ct. Rules, Rule 42, Rules of Prof. Conduct, ER 1.5; LRCiv. 54.2(c)(3). Here, certain factors are not relevant and do not weigh for or against reasonableness, including preclusion of other employment, degree of risk, working for a fixed or contingent fee, time limitations, the undesirability of the case, and the nature and length of the professional relationship with the client.

**1. Customary Fee and Counsel's Hourly Rates, Experience, Reputation, and Ability**

- 8 -

Mr. Tighe, a partner with seven years of experience, billed at a rate of $570.00 per hour. Mr. Smith, an associate with over one year of experience, billed at a rate of $ 475 per hour. Plaintiff disputes the reasonableness of the rates charged by Defendant's counsel as compared to those charged by Plaintiff's counsel as well as counsel in *Randolph v. Pravati SPV II LLC*, No. CV-21-00713-PHX-SRB, 2022 WL 1480029 (D. Ariz. Apr. 6, 2022). But under Arizona law, "in corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Design Trend Int'l Interiors, Ltd. v. Cathay Enters., Inc.*, 103 F. Supp. 3d 1051, 1064 (D. Ariz. 2015) (quoting *China Doll*, 673 P.2d at 931–32).

Moreover, although in *Randolph* a similar partner rate was charged by an attorney with thirteen years more experience, and the associate rate was nearly $100 less than charged here, counsel in *Randolph* averred that these were "discounted" rates." 2022 WL 1480029, at *2. In contrast, Defendants cite multiple recent cases in this District finding greater hourly rates were reasonable. *See, e.g.*, *ThermoLife Int'l LLC v. BPI Sports LLC*, No. CV-20-02091-PHX-SPL, 2023 WL 3568199, at *12 (D. Ariz. May 18, 2023) ($732.06 partner rate and $558.88 associate rate); *Gross v. CitiMortgage Inc.*, No. CV-18-02103-PHX-ROS, 2023 WL 5133712, at *3 (D. Ariz. Aug. 10, 2023) ($725 partner rate and $575 associate rate); *Platek v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01161-PHX-MTL, 2023 WL 8436562, at *1 (D. Ariz. Dec. 5, 2023) ($700 hourly rate). In light of counsel's experience, reputation, and ability, (*see* Doc. 17 at 11), the hourly rates of Mr. Tighe and Mr. Smith are reasonable.

### 2. Time and Labor Required

Mr. Tighe billed a total of 51.30 hours in defending this action, while Mr. Smith billed a total of 85.20 hours. "Generally, the prevailing party is entitled to recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's

interest." *Dickson*, 2025 WL 460819, at *5 (citation modified). Overall, the Court finds the time and labor required to represent Defendants as accounted for in the billing entries are accurate and reasonable. (*See* Doc. 17-1.) The Court also denies Plaintiff's objections to specific billing entries as follows.

Plaintiff argues the billing records of Mr. Tighe and Mr. Smith "reveal multiple inefficiencies, excessive hours, and duplication of effort." (Doc. 20 at 8.) In essence, Plaintiff contends that because both attorneys billed to prepare the same filings, this means they were "both attending to tasks that could reasonably have been delegated to the associate alone or other legal staff." (*Id.*) But such time entries related to the same task are not duplicative if they "merely reflect each attorney's contribution in completing a single task, such as reviewing records, conducting legal research, and drafting or revising documents." *Maki v. N. Sky Partners II LP*, No. CV-15-02625-PHX-SRB, 2018 WL 4042455, at *3 (D. Ariz. May 9, 2018); *see, e.g.*, *Kaufman v. Warner Bros. Ent. Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *14 (D. Ariz. May 13, 2019); *Andreason v. Comm'r of Soc. Sec. Admin.*, No. CV-18-04102-PHX-DWL, 2020 WL 5544367, at *2 (D. Ariz. Sept. 16, 2020) ("The Court finds no fault with the fact that two attorneys collaborated on this case and recognizes that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process."). Indeed, in making this argument, Plaintiff acknowledges that Mr. Tighe and Mr. Smith contributed to each filing in discrete ways, noting, for example, that Mr. Smith "conduct[ed] legal research and draft[ed] the notice of removal," while Mr. Tighe "edit[ed] and revis[ed] the notice of removal." (Doc. 20 at 8.) Similarly, Mr. Smith conducted "research on personal jurisdiction standards and draft[ed] motions and supporting declarations," while Mr. Tighe "review[ed], edit[ed], and revis[ed] the same motions and declarations." (*Id.*) These entries do not demonstrate overlap between partner and associate time, as they clearly demonstrate Mr. Smith and Mr. Tighe contributed discrete work in completing a single task. Moreover, multiple "NO CHARGE" billing entries totaling approximately 10 hours of unbilled time further support the conclusion that

Mr. Smith and Mr. Tighe exercised reasonable billing judgment in defending this action. (*See* Doc. 17-1 at 13–14.)

Plaintiff also suggests the records of Defendants' counsel contain "block-billing entries [that] obscure how much time is devoted to each discrete task, making the reasonableness of the hours more difficult to assess." (Doc. 20 at 8–9.) Block billing is "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)). But the itemization of services provided by Defendant's counsel does not support Plaintiff's assertion. For example, Plaintiff points to one of Mr. Smith's entries on May 4, 2025, where he billed a total of 5.90 hours to conduct research and draft motions and supporting declarations, but the entry description clearly itemizes the time spent on each task:

> Continue conducting legal research, including Arizona's standard for establishing personal jurisdiction (1.9) and the standard for establishing general jurisdiction (1.2); and drafting motion to dismiss, including Arizona's standard for establishing personal jurisdiction (1.7), and why general jurisdiction has not been established (1.1).

(Doc. 17-1 at 9.) The same is true for other allegedly block-billed entries, where the total billed time is discretely itemized within the entry description. These entries are not block billed and are sufficiently detailed for the Court to determine their reasonableness.

Plaintiff objects to "over 12 combined hours dedicated solely to client declarations that largely recited basic jurisdictional facts and routine procedural matters." (Doc. 20 at 11.) On average, this would reflect about four hours spent preparing each of the three declarations filed by Defendants, which collectively totaled 70 pages including exhibits. (*See* Docs. 12-1 to -3.) The Court does not find this is an unreasonable amount of time to spend preparing these declarations as they were crucial to Defendant's success and had to be verified for their truthfulness and accuracy under penalty of perjury. Moreover, the Court relied on each of these declarations in granting Defendant's Motion to Dismiss, particularly a second declaration from Ms. Elam which was prepared only after Plaintiff

attempted to manufacture evidence to establish a jurisdictional hook. (*See* Doc. 16 at 6 n.2.)

### 3.  Novelty and Difficulty of the Issues

The issues of personal jurisdiction here were not novel or difficult. However, Plaintiff's continued persistence in arguing the Court had personal jurisdiction over Defendants—despite Defendants' attempts to advise Plaintiff this argument was groundless—was directly responsible for many of the hours Defendants spent in defending this case. Moreover, Defendants had to spend further time addressing and responding to Plaintiff's manufacturing of evidence in a bad faith attempt to create a jurisdictional hook.

### 4.  Amount Involved and Results Obtained

Defendants successfully defended against Plaintiff's claims asserting a right to recover at least $125,231.43, in addition to punitive and other damages. The results obtained—"full dismissal before having to engage in discovery, dispositive motion practice and trial—militate toward the fee being reasonable." *Erskine*, 2021 WL 9597924, at *2. Prevailing at this early stage of litigation saved the parties further unnecessary expense in litigating this meritless claim.

### 5.  Awards in Similar Actions

The only case cited by Plaintiff as a similar action is *Randolph*, which as previously discussed, involved discounted hourly rates and is not a useful point of comparison here. Additionally, the Court in *Randolph* had to make numerous reductions to the requested award that are not at issue here, including multiple unsupported billing entries from individuals whose identities were not explained, as well as an unreasonably excessive amount of time spent preparing the fees motion.[3] *See* 2022 WL 1480029, at *4.

Defendants note their requested award of $64,280.50 is within the range of recent cases from the District of Arizona granting fee awards after a successful motion to dismiss for lack of personal jurisdiction. *See Erskine*, 2021 WL 9597924 (awarding $98,891); *WNDG LLC v. Susan Lanto Living Tr.*, No. CV-23-01194, Doc. 33 (D. Ariz. May 14, 2024)

---

[3] Counsel in *Randolph* billed 72 hours preparing the fees motion and reply, but the district court awarded only 25 hours based on the reasonable limits established by many other courts. *See* 2022 WL 1480029, at *4. By contrast, here Defendant's counsel billed only 16.6 hours for their work preparing the fees motion. (*See* Doc. 17-1 at 14–15.)

(awarding $55,491.50). Defendants' requested award is also within the range of awards in cases from the District of Arizona for successful motions to dismiss on other grounds. *See, e.g., Travelers Indem. Co. v. Crown Corr, Inc.*, No. CV-11-0965-PHX-JAT, 2012 WL 2798653 (D. Ariz. July 9, 2012) (awarding $105,284.10); *Biltmore Assocs., L.L.C. v. Twin City Fire Ins. Co.*, No. CV-05-04220-PHX-FJM, 2007 WL 496766 (D. Ariz. Feb. 12, 2007) (awarding $52,241.00 to one defendant and $58,124.00 to another defendant).

Taken together, these factors demonstrate the reasonableness of the requested fee award of $64,280.50 to which Defendants are eligible and entitled, and Plaintiffs have not specifically shown how any fees were excessive, duplicative, or otherwise unreasonable. The Court will also award Defendants $415.61 in costs, which comply with the rules' requirements.

Accordingly,

**IT IS ORDERED** Defendants' Motion for an Award of Their Reasonable Attorneys' Fees (Doc. 17) is **GRANTED.** Defendants are awarded $64,280.50 in fees and $415.61 in costs, for a total of $64,696.11 against Plaintiff Find Staff LLC. The Clerk of Court shall enter judgment accordingly and this matter shall remain closed.

Dated this 20th day of May, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge